**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Steven Archer and Michelle Archer, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| United States of America | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

1.      This is a medical malpractice and loss of consortium claim brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680. The claims are grounded in the negligent acts and omissions of Dr. Pallavi Shah, a physician employed by the Department of Veterans Affairs ("VA"), while working at Captain James A. Lovell Federal Health Care Center ("Lovell Health Center") during a colonoscopy procedure performed on Plaintiff Steven Ray Archer. Dr. Shah's deviations from the standard of care caused Mr. Archer to undergo an unnecessary major abdominal surgery that resulted in the permanent removal of a portion of his bowel. The unnecessary surgery has caused Mr. Archer lasting physical, emotional, and financial harm.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this action pursuant to the FTCA, 28 U.S.C. §§ 1346(b) and 2671–2680, which grants district courts exclusive jurisdiction over

1

civil actions against the United States for money damages arising from the negligent or wrongful acts or omissions of government employees acting within the scope of their employment.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this claim occurred at the Lovell Health Center, located at 3001 Green Bay Road, North Chicago, Illinois 60064, which is within the Northern District of Illinois, Eastern Division.

4. Plaintiffs have fully exhausted their administrative remedies as required by 28 U.S.C. § 2675(a). On April 4, 2025, Plaintiff Steven Ray Archer, through his attorney Jon Terry, submitted an SF-95 administrative tort claim to the VA, Office of General Counsel, Torts Law Group, 810 Vermont Avenue, NW, Washington, D.C. 20420. The VA received the claim on April 10, 2025, and assigned it Claim No. GCL548615. By letter dated January 5, 2026, the VA denied the claim. This action is filed within six months of that denial.

5. Plaintiff Steven Ray Archer lives at 7114 96th Avenue, Kenosha, Wisconsin 53142. He is a United States Air Force veteran who received medical care through the VA.

6. Plaintiff Michelle Archer, Steven Ray Archer's wife, lives with him at the same address. She brings a loss of consortium claim arising from injuries to her husband caused by Defendant's negligence.

## FACTUAL ALLEGATIONS

7. On April 13, 2023, Dr. Pallavi Shah performed a routine colonoscopy on Steven Archer at the Lovell Health Center.

8. During the procedure, Dr. Shah identified a sessile 1.5 cm polyp at the ileocecal valve (ICV). This polyp was biopsied via cold biopsy but was not fully resected due to its

2

location at the appendiceal orifice. These should have been removed during the colonoscopy procedure.

9. Pathology results signed April 17, 2023, confirmed that the ileocecal valve polyp was a tubular adenoma, which is a precancerous lesion.

10. It is routine during colonoscopies that pictures are taken of the ileocecal valve and appendiceal orifice to confirm cecal intubation. Additionally, if an endoscopist finds a large endoscopically unresectable polyp, they are supposed to tag it with dye so that a surgeon can locate it.

11. Dr. Shah failed to remove and/or properly identify the location of these polyps, including but not limited to failing to tag the larger endoscopically unresectable polyp on April 13, 2023. The failure to take appropriate pictures of Mr. Archer's appendiceal orifice to confirm cecal intubation, and the failure to tag the unresectable polyp with dye, were deviations from the standard of care.

12. Following the April 2023 colonoscopy, Dr. Shah negligently determined that the ICV tubular adenoma could not be resected endoscopically. Dr. Shah referred Mr. Archer to Dr. Alex Farnand for surgical removal of the polyp. Dr. Shah failed to inform Mr. Archer of appropriate options such as redoing the colonoscopy.

13. On July 24, 2023, Dr. Alex W. Farnand performed a laparoscopic right hemicolectomy on Mr. Archer at the Lovell Health Center. The pre-operative and post-operative diagnosis was an unresectable ileocecal valve polyp due to Dr. Shah's failure to identify the location of the polyps.

14. A surgical pathology report identified no polyps, diverticuli, or mass lesions in the ileum, cecum or ascending colon. In other words, no polyp was found in the tissue removed.

3

15. The gross specimen, as well as endoscopic pictures, were reviewed with Dr. Shah.

16. The absence of any polyp in the surgical specimen established that the right hemicolectomy (during which 3 cm of terminal ileum, 5 cm of cecum, and 10 cm of ascending colon were permanently removed) was unnecessary and was caused directly by Dr. Shah's failure to properly document and tag the polyp during the April 13, 2023, colonoscopy.

**COUNT I**

**(Medical Negligence – Steven Archer v. United States of America)**

17. Plaintiffs incorporate and reallege all preceding paragraphs as if fully set forth herein.

18. At all relevant times, Dr. Pallavi Shah was a physician employed by the VA and the Lovell Health Center and acting within the course and scope of her federal employment.

19. Dr. Shah owed Mr. Archer a duty to exercise the degree of care, skill, and treatment that a reasonably careful and competent endoscopist would have provided under the same or similar circumstances.

20. Dr. Shah breached that duty of care in one or more of the following ways:

   a. She failed to photograph the appendiceal orifice to confirm cecal intubation during the April 13, 2023 colonoscopy, in violation of routine colonoscopy standards;

   b. She identified a large, endoscopically unresectable polyp at the ileocecal valve and failed to mark or tag it with dye, in violation of the standard of care that requires such tagging to enable a surgeon to locate the polyp for any subsequent surgical procedure;

4

c. She referred Mr. Archer for major surgery based on her own undocumented and untagged findings, without ensuring that the surgical team could identify and locate the polyp she found concerning and without giving Mr. Archer the option of a repeat colonoscopy to remove those polyps which is how they were eventually removed;

d. She was otherwise negligent in the care, treatment, and management of Mr. Archer's condition.

21. As a direct and proximate result of Dr. Shah's negligence and the unnecessary surgery and complications from the unnecessary surgery, Mr. Archer suffered and continues to suffer the following damages: an unnecessary major surgery in which part of his bowel had to be removed; severe acute and chronic pain because of the unnecessary surgery; significant weight loss; permanent disfigurement and scarring; permanent alteration of his abdominal anatomy, including a hernia; ongoing limitation in his ability to perform daily activities; fear, anxiety, and emotional distress, including exacerbation of his pre-existing PTSD, depression, and panic disorder.

## COUNT II

**(Loss of Consortium: Michelle Archer v. United States of America)**

22. Plaintiffs incorporate and reallege all preceding paragraphs as if fully set forth herein

23. At all relevant times, Michelle Archer was and remains the lawful spouse of Steven Ray Archer.

5

24.     As a direct and proximate result of Defendant's negligence, Michelle Archer suffered loss of her husband's society, companionship, services, and consortium, physical and emotional suffering that has diminished her husband's capacity to participate in marital life.

**WHEREFORE**, Plaintiffs Steven Ray Archer and Michelle Archer respectfully request that this Court enter judgment in their favor and against Defendant United States of America as follows:

   a.     Compensatory damages for Steven Ray Archer for past and future pain and suffering,     emotional distress, disfigurement, loss of normal life, and all other non-economic damage in the amount of $500,000 or more;

   b.     Compensatory damages for Michelle Archer for loss of consortium;

   c.     Non-economic damages proven at trial;

   d.     Costs of this action; and

   e.     Such other and further relief as the Court deems equitable and just.

ROSENBERG, EISENBERG, & SHACTMAN

/s/ John King_____
John King
Attorney for Plaintiff

ROSENBERG, EISENBERG, & SHACTMAN
2340 S. Arlington Heights Road, Suite 460
Arlington Heights, IL 60005
847.640.1676
john@resinjurylaw.com

6

6320924